1  KATHLEEN M. LUCAS (CSB 80339)
2  ALISHA S. MEYER (CSB 300239)
   THE LUCAS LAW FIRM
3  354 Pine Street, Fourth Floor
   San Francisco, CA 94104
4  Telephone: (415) 402-0200
   Facsimile: (415) 402-0400
5  Email: klucas@lucaslaw.net
          asmeyer@lucaslaw.net
6

7  Attorneys for Plaintiff
   MARY E. MOWRY
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| 13 MARY E. MOWRY, | Case No. |
| 14          Plaintiff, | **COMPLAINT FOR EMPLOYMENT** |
| 15     v. | **DISCRIMINATION, HARASSMENT AND RETALIATION AND FOR INJUNCTIVE RELIEF** |
| 16 ORACLE AMERICA, INC., a corporation, and Does 1-25, inclusive, | |
| 17 | |
| 18          Defendants. | |
| 19 | **DEMAND FOR JURY TRIAL** |
| 20 | |
| 21 | |

22                    **<u>INTRODUCTION</u>**

23         This case of employment discrimination, harassment and retaliation arises from the

24  treatment MARY E. MOWRY received as a result of her employment with ORACLE AMERICA,

25  INC, headquartered in San Mateo, CA. Brought under Title VII of the Civil Rights Act, the Family

26  Medical Leave Act, and the Age Discrimination in Employment Act, MOWRY seeks remedies

27  and injunctive relief under each statute based upon a common set of facts and circumstances.

28

WHEREFORE, Plaintiff MARY E. MOWRY hereby alleges:

## **PARTIES**

1.      Plaintiff MARY E. MOWRY, hereinafter "Plaintiff" or "MOWRY," is now a 59-year old female citizen of North Carolina, who was formerly employed by ORACLE AMERICA, INC. as an Application Sales Representative assigned to a Sales Group with other Application Sales Representatives located throughout the United States.

2.      Defendant ORACLE AMERICA, INC., hereinafter "ORACLE" or "Defendant" is a computer technology corporation headquartered in the City of Redwood Shores, County of San Mateo, State of California. At all relevant times mentioned herein Defendant ORACLE AMERICA, INC. conducted business in the State of California.

3.      Defendants DOES ONE through TWENTY-FIVE are corporations or individuals who are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some way for the occurrences herein alleged and Plaintiff's damages herein alleged were caused by each of the Defendants. Plaintiff will seek leave of court to provide the true identities of DOES ONE through TWENTY-FIVE when they become known.

## **JURISDICTION**

4.      This action is based on federal statutory claims for employment discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*

## **VENUE AND INTRADISTRICT ASSIGNMENT**

5.      Venue is proper in this Court because Defendant ORACLE mains its headquarters, transacts business, and maintains employment records relevant to this matter in the City of Redwood Shores, County of San Mateo in the Northern District of California.

6.      When commencing her employment with ORACLE, MOWRY signed a Proprietary Information Agreement with ORACLE wherein ORACLE required her to consent to jurisdiction in federal court in San Francisco or San Jose, California.

7.      In accordance with Northern District of California Local Rule 3-2(e), because the Defendant ORACLE is headquartered in San Mateo County, the intradistrict assignment for this case is properly assigned to the San Francisco Division.

## **STATEMENT OF FACTS**

8.      Plaintiff was first hired as an Application Sales Representative ("ASR") at ORACLE on January 6, 2014. Plaintiff was hired by ORACLE AMERICA, INC., and received her paychecks from ORACLE AMERICA, INC. throughout her employment with the company. Plaintiff was assigned to generate sales for ORACLE and Oracle Financial Services Software, Inc. in the Oracle Financial Services Analytical Applications ("OFSAA") business unit.

9.      While at ORACLE, Plaintiff was employed on a Sales Team ("Team" or "Sales Team") of thirteen individuals. The members of the Team worked remotely and were spread out across the country. Plaintiff was the only Team member located in North Carolina.

10.     Of this Sales Team, only two individuals were female; the other eleven team members were male. Both females on the Team were older, ages 57 and 64, respectively, during the events alleged herein.

11.     Plaintiff made significant sales for ORACLE as an ASR. For example, she contributed over $6 million dollars in Net License, plus 22% in ongoing support during her tenure. She brought in and won the sales of two very competitive companies that became valuable customers. Sales to these key customers enabled OFSAA to win other large competitive deals, including an extremely lucrative deal with a large financial firm.

12.     Though Plaintiff performed well for ORACLE, sales for the Team overall were down in the Fall of 2016. As a consequence, based on information and belief, on October 17, 2016, every Team member on Plaintiff's Sales Team was placed on a Performance Improvement Plan ("PIP").

13. In light of her performance, the PIP was unjustified as to Plaintiff. In addition, the PIP given to Plaintiff did not conform to the usual and customary practice in that it did not have an end date or a place for Plaintiff to provide her objections and comments.

14. Prior to the PIP, Plaintiff had received little feedback on her performance at ORACLE, formal or informal. Additionally, prior to the PIP, Plaintiff had not been told that her performance was in any way unsatisfactory.

15. Shortly after being placed on the PIP, Plaintiff's managers, Jason Yesinko and Prince Varma, both males, began harassing her and interfering with her performance of her job. They also began micromanaging her work and challenging her decision-making. Similarly situated younger and / or male employees were not harassed, disciplined, or treated in a similar manner.

16. As a result of the discriminating and harassing work environment that interfered with her ability to perform her job, Plaintiff was forced to take an ORACLE-approved and doctor-recommended FMLA Medical Leave of Absence for 12 weeks from October 31, 2016 to January 22, 2017.

17. Plaintiff did not work on sales while she was out on the necessary FMLA Medical Leave of Absence.

18. Plaintiff returned to work on January 23, 2017 and quickly began to build a solid pipeline of over $73 million in contracts for ORACLE, including a number of accounts that eventually closed for ORACLE, in large part due to Plaintiff's efforts. Because of the nature and size of these contracts, it takes considerable time and effort to ultimately close the deals and enter into a contract with customers.

19. Following her return to work, Plaintiff's managers' discrimination and harassment of her continued and intensified. Multiple times a week they harassed her and interfered with her ability to perform her job and again micromanaged her work. Only Plaintiff and the other older female ASR on her Team were singled out for the discrimination, harassment and micromanagement of their work by their managers, while younger and/or male colleagues were left alone.

20. Plaintiff in good faith performed all of the obligations of her employment agreement, including bringing in significant revenue to ORACLE through her accounts.

21.    Other than the time that Plaintiff was on the FMLA Medical Leave of Absence, Plaintiff was willing, ready and able to perform all work required of her under her employment agreement with ORACLE.

22.    On June 30, 2017, Plaintiff's employment with ORACLE was precipitously terminated. She was 57-years old at the time of her termination.

23.    When the termination occurred, Plaintiff had been back from her FMLA Medical Leave of Absence for only a little over six months.

24.    Despite the fact that the entire Sales Team had been on PIPs, the only other individual who was terminated from the Sales Team at the same time as Plaintiff was the other older female, who was 64-years old at the time of her termination.

25.    Plaintiff is aware of one male ASR from her Sales Team who transferred into a different Sales Organization within ORACLE. Plaintiff was not afforded the same opportunity.

26.    At the time of her termination, Plaintiff had returned from her FMLA Leave a little over six months before and in that short time relative to the work she performed, she had met 61% of her quota for the 2017 fiscal year, putting her on target to achieve her sales goals. In contrast, two younger male employees who had met significantly less of their quotas for the 2017 fiscal year were retained over Plaintiff.

27.    Even though Plaintiff was on target to achieve her sales goals, she was denied the benefit of her work and retaliated against for taking the FMLA Medical Leave of Absence as well as subjected to the pattern of discrimination and harassment.

28.    Following Plaintiff's, and the other female ASR's, termination, their customer accounts were distributed among the men on the Sales Team. Shortly thereafter, largely due to the work that Plaintiff had done on the accounts, several of her former accounts closed in favor of ORACLE. Based on information and belief, the male Supervisors and / or male Team Members received commissions for Plaintiff's work.

29.    Based on information and belief, Plaintiff and the other female ASR who was terminated at the same time were replaced by younger, male ASRs. To Plaintiff's knowledge, there are currently no women on the Sales Team.

COMPLAINT, pg.5

30.     After her termination, Plaintiff applied for numerous jobs trying to find a comparable position. Despite her qualifications, it took her nearly ten months until April 2018 to obtain similar employment but with lower compensation.

31.     Plaintiff timely filed a Charge with the Federal Equal Employment Opportunity Commission ("EEOC") regarding Defendants' alleged discriminatory and harassing conduct on or about December 21, 2017.  The Charge is attached to this Complaint as **Attachment A**.

32.     The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about August 23, 2018 and is attached to this Complaint as **Attachment B**.

**FIRST CLAIM FOR RELIEF**
**(Employment Discrimination Based on Sex in Violation of Title VII)**
**(Against ORACLE)**

33.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

34.     This claim for relief is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. which prohibits discrimination in employment on the basis of sex.

35.     At all relevant times, ORACLE had at least 15 employees, and was therefore an "employer" within the meaning of Title VII.

36.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 21, 2017. The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about August 23, 2018.

37.     Plaintiff is female.

38.     Plaintiff alleges that her sex, female, was an adverse determining factor in the terms and conditions of her employment and a determining factor in the termination of her employment.

39.     Among other actions, Defendants acted with the intent of discriminating against Plaintiff because of her sex, female. The discrimination caused Plaintiff harm. The discrimination resulted in Plaintiff being treated differently from similarly situated males and it communicated a hostile message to Plaintiff. The acts of Defendants and the discrimination was designed to interfere, and

did interfere, with Plaintiff's performance of her job. The discrimination adversely affected the terms and conditions of Plaintiff's employment. Some examples of the discrimination Plaintiff was subjected to because of her sex, are:

a. Plaintiff was treated differently than other similarly situated male employees in the terms and conditions of her employment for no legitimate business reason;

b. Plaintiff was held to different performance standards than other similarly situated male employees for no legitimate business reason;

c. Plaintiff was subjected to micromanagement and interference in the performance of her job that similarly situated male employees were not subjected to for no legitimate business reason;

d. Other similarly situated males were offered support, guidance, transfers and resources not offered to Plaintiff for no legitimate business reason;

e. As a result of the discrimination, Plaintiff was forced to take a doctor-recommended Medical Leave of Absence thereby denying her the benefits of the job, curtailing the development of her career and preventing the earning of sales commissions during the Medical Leave of Absence;

f. Plaintiff's employment was terminated because of her sex and not for any legitimate business reason.; and,

g. ORACLE failed to follow its policies and practices in regard to Plaintiff, Plaintiff's employment and the termination of Plaintiff's employment for no legitimate business reason.

40. ORACLE has a pattern and practice of discriminating against women and treating women less favorably in the terms and conditions of their employment than similarly situated male employees for no legitimate business reason. This differential and discriminatory treatment adversely affected the terms and condition of Plaintiff's employment.

41.     As a direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

42.     As a further, direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

43.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

     **WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Harassment Based on Sex in Violation of Title VII)**
**(Against ORACLE)**

44.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 43, inclusive, of this Complaint as if set forth herein.

45.     This claim for relief is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* which prohibits harassment in employment on the basis of sex.

46.     At all relevant times, ORACLE had at least 15 employees, and was therefore an "employer" within the meaning of Title VII.

47.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 21, 2017. The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about August 23, 2018.

48.     Defendants had a pattern and practice of harassing female employees. Oracle had a practice of tolerating the harassment of female employees and failed to take adequate steps to ensure a harassment-free workplace.

49.     Among other actions, Defendants engaged in the following actions with the intent of harassing Plaintiff because of her sex, female.  The harassment communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with Plaintiff's job performance. Some examples of the harassment Plaintiff was subjected to because of her sex, are:

    a.  Plaintiff and the only other female ASR were regularly and routinely singled out and harassed and these actions altered the terms and conditions of her employment for no legitimate business reason;

    b.  Plaintiff's work efforts were regularly questioned and micromanaged. The micromanaging actions interfered with her work and her ability to do her job while similarly situated male employees were not subjected to such micromanagement and were therefore free to pursue their sales efforts;

    c.  Plaintiff was held to different performance standards than other similarly situated male employees for no legitimate business reason;

    d.  As a result of these actions, Plaintiff was forced out of the workplace and into a temporary doctor-recommended Medical Leave of Absence thereby denying her the benefits of her job, curtailing the development of her career and preventing the earning of sales commissions during her Medical Leave of Absence;

    e.  Plaintiff's employment was terminated because of her sex and not for any legitimate business reason; and,

    f.  ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

50.     Plaintiff was subjected to this harassment by her managers, Jason Yesinko and Prince Varma. As managers, these individuals were acting as managers and authorized agents of ORACLE, and accordingly, ORACLE is liable for their harassment.

51. As Plaintiff's employer, ORACLE owed a duty to Plaintiff to prevent discrimination and harassment from occurring against her in the workplace. ORACLE breached its duty to Plaintiff by failing to take any steps to prevent the discrimination and harassment from occurring.

52. As a direct and proximate result of ORACLE's unlawful harassment as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

53. As a further, direct and proximate result of ORACLE's unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

54. The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Retaliation in Violation of the FMLA)**
**(Against ORACLE)**

55. By this reference, Plaintiff hereby incorporates paragraphs 1 through 54, inclusive, of this Complaint as if set forth herein.

56. This claim for relief is brought pursuant to the Family Medical Leave Act Age Discrimination in Employment Act, as amended, 29 U.S.C. § 2601 *et seq.* which prohibits discriminating against and discharging an employee for taking FMLA Leave.

57. Due to the discriminatory and harassing work environment at ORACLE, Plaintiff took an ORACLE-approved and doctor-recommended FMLA Medical Leave of Absence for 12 weeks from October 31, 2016 to January 22, 2017.

58.     Plaintiff returned to work on January 23, 2017 and quickly began to build a solid pipeline of over $73 million, including a number of accounts that eventually closed for ORACLE, in large part due to Plaintiff's efforts.

59.     Despite her quick work in rebuilding her sales network, following Plaintiff's return to work, Plaintiff's managers harassment of her intensified. Multiple times a week they harassed her and interfered with her performance of her job. They unfairly criticized and micromanaged her work and did not offer support, resources or guidance to her to retain a position at ORACLE.

60.     This conduct and the actions taken as to Plaintiff were taken in direct retaliation for Plaintiff having taking her legally protected FMLA Medical Leave of Absence.

61.     The discrimination and harassment of Plaintiff following her return from FMLA Leave continued until June 30, 2017, when Plaintiff's employment was precipitously terminated.

62.     Though there were multiple individuals on her Sales Team who had lower performance numbers than Plaintiff, she was selected for termination and they were not selected. This termination was retaliation against Plaintiff for taking her legally protected FMLA Leave of Absence.

63.     It is unlawful to retaliate against an employee who has taken FMLA Leave. Defendant unlawfully retaliated against Plaintiff by harassing her and ultimately terminating her employment following her taking legally protected FMLA Leave of Absence.

64.     As a direct and proximate result of ORACLE's unlawful retaliation as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

65.     ORACLE willfully violated the FMLA by retaliating against Plaintiff for taking her legally protected FMLA Medical Leave of Absence, entitling Plaintiff to liquidated damages in an amount equal to the compensatory damages to which she is entitled.

        **WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**(Employment Discrimination Based on Age in Violation of the ADEA)**
**(Against ORACLE)**

66.     Plaintiff hereby incorporates by reference paragraphs 1 through 65 , inclusive, of this Complaint as though fully set forth herein.

67.     This claim for relief is brought pursuant to Age Discrimination in Employment Act, as amended, 29 U.S.C. § 791 *et seq.* which prohibits discrimination in employment on the basis of age.

68.     At all relevant times, ORACLE had at least 20 employees, and was therefore an "employer" within the meaning of the ADEA.

69.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 21, 2017. The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about August 23, 2018.

70.     Plaintiff was 57 years old at the time of the termination of her employment.

71.     Plaintiff alleges that her age was an adverse determining factor in the terms and conditions of her employment and a determining factor in the termination of her employment.

72.     Among other actions, Defendants engaged in the following actions with the intent of discriminating against Plaintiff because of her age.  The discrimination communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with Plaintiff's job performance.  The discrimination adversely affected the terms and conditions of Plaintiff's employment.  Some examples of the discrimination Plaintiff was subjected to because of her age are:

       a.   Plaintiff was treated differently than other similarly situated younger employees in the terms and conditions of her employment for no legitimate business reason;

       b.   Plaintiff was held to different performance standards than other similarly situated younger employees for no legitimate business reason;

c.  Plaintiff was subjected to micromanagement and interference in the performance of her job that similarly situated younger employees were not subjected to, for no legitimate business reason;

d.  Other similarly situated younger employees were offered support, guidance, transfers and resources not offered to Plaintiff for no legitimate business reason;

e.  As a result of the discrimination, Plaintiff was forced to take a doctor-recommended Medical Leave of Absence thereby denying her the benefits of her job, curtailing the development of her career and preventing the earning of sales commissions during the Medical Leave of Absence;

f.  Plaintiff's employment was terminated because of her age and not for any legitimate business reason; and,

g.  ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

73.  ORACLE has a pattern and practice of discriminating against older employees and particularly treating older employees less favorably in the terms and conditions of their employment than similarly situated younger male employees for no legitimate business reason. This differential, discriminatory, and harassing treatment adversely affected the terms and condition of their employment and affected the terms and conditions of Plaintiff's employment.

74.  As a direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

75.  As a further, direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

76.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

<u>FIFTH CLAIM FOR RELIEF</u>
**(Harassment Based on Age in Violation of the ADEA)**
**(Against ORACLE)**

77.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 76, inclusive, of this Complaint as if set forth herein.

78.     This claim for relief is brought pursuant to Age Discrimination in Employment Act, as amended, 29 U.S.C. § 791 et seq. which prohibits harassment in employment on the basis of age.

79.     At all relevant times, ORACLE had at least 20 employees, and was therefore an "employer" within the meaning of the ADEA.

80.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 21, 2017. The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about August 23, 2018.

81.     Among other actions, Defendants engaged in the following actions with the intent of harassing Plaintiff because of her age. The harassment communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with her job performance.  Some examples of the harassment Plaintiff was subjected to because of her age, are:

    a.   Plaintiff was treated differently than other similarly situated younger employees in the terms and conditions of her employment for no legitimate business reason;

    b.   Plaintiff's work efforts were regularly questioned and micromanaged. The micromanaging actions interfered with her work and her ability to do her job while similarly situated younger employees were not subjected to such micromanagement and were therefore free to pursue their sales efforts;

    c.   Plaintiff was held to different performance standards than other similarly situated younger employees for no legitimate business reason;

d.  As a result of these actions, Plaintiff was forced out of the workplace and into a temporary doctor-recommended Medical Leave of Absence thereby denying her the benefits of her job, curtailing the development of her career and preventing the earning of sales commissions during her Medical Leave of Absence;

e.  Plaintiff's employment was terminated because of her age and not for any legitimate business reason; and,

f.  ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

82.    Plaintiff was subjected to this harassment by her managers, Jason Yesinko and Prince Varma. As managers, these individuals were acting as agents of ORACLE, and accordingly, ORACLE is vicariously liable for their harassment.

83.    As Plaintiff's employer, ORACLE owed a duty to Plaintiff to prevent discrimination and harassment from occurring against her in the workplace. ORACLE breached its duty to Plaintiff by failing to take any steps to prevent the discrimination and harassment from occurring.

84.

As a direct and proximate result of ORACLE's unlawful harassment as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

85.    As a further, direct and proximate result of ORACLE's unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

86.    The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## INJUNCTIVE RELIEF

87.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 86, inclusive, of this Complaint as if set forth herein.

88.    Plaintiff has suffered irreparable injury and immediate harm due to Defendants' acts. Plaintiff has no other legal remedy. In addition to the other relief requested in this Complaint, Plaintiff seeks injunctive relief requiring Defendants to:

      a.   Review Plaintiff's personnel files and remove and destroy all documents that seek to:

            1. Justify the managers' actions leading to the doctor-recommended Medical Leave of Absence;

            2. Blame or criticize Plaintiff for taking a Medical Leave of Absence; and,

            3. Justify the unlawful termination of Plaintiff's employment.

      b. Establish a review process of all employment decisions made during the five years following judgment in this case so as to ensure that Defendants do not discriminate against and/or harass other employees because of their sex, age, and/or for taking FMLA Medical Leave.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grants judgment against Defendant ORACLE AMERICA, INC. as follows:

      b.   Compensatory damages in excess of the jurisdictional minimum of this Court and according to proof at trial pursuant to Plaintiff's First, Second, Third, Fourth, and Fifth Claims for Relief;

      c.   Emotional distress damages in amounts according to proof at trial pursuant to Plaintiff's First, Second, Fourth, and Fifth Claims for Relief;

      d.   Punitive and exemplary damages in amounts according to proof at trial pursuant to Plaintiff's First, Second, Fourth, and Fifth Claims for Relief;

      e.   Liquidated damages in amounts according to proof at trial pursuant to Plaintiff's Third Claim for Relief;

1        f.   Attorneys' fees and costs in an amount according to proof at trial pursuant to

2            Plaintiff's First, Second, Third, Fourth, Fifth Claims for Relief and for the granting

3            of Injunctive Relief under the applicable statutes;

4        g.   Prejudgment interest as provided by law pursuant to Plaintiff's First, Second,

5            Third, Fourth, and Fifth Claims for Relief;

6        h.  For an order granting injunctive relief pursuant to Plaintiff's First, Second, Third,

7            Fourth, and Fifth Claims for Relief requiring Defendant to:

8            1. Review Plaintiff's personnel files and remove and destroy all documents that

9              seek to:

10               a. Justify the managers' actions leading to the doctor-recommended

11                 Medical Leave of Absence;

12               b. Blame or criticize Plaintiff for taking a Medical Leave of Absence; and,

13               c. Justify the unlawful termination of Plaintiff's employment.

14            2. Establish a review process of all employment decisions made during the five

15              years following judgment in this case so as to insure that Defendant does not

16              discriminate against and/or harass other employees because of their sex, age,

17              and/or for taking FMLA Medical Leave; and,

18        i.   Any such other and further relief as the Court may deem equitable and appropriate.

19

20   Date: November 19, 2018            THE LUCAS LAW FIRM

21

22                             _/s/ Kathleen M. Lucas_____

                                Kathleen M. Lucas

23                             Alisha S. Meyer

24                             Attorneys for Plaintiff, Mary E. Mowry

25

26

27

28

## **DEMAND FOR JURY TRIAL**

As to all claims allowing for trial by jury, Plaintiff hereby demands a trial by jury as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Date: November 19, 2018                                    THE LUCAS LAW FIRM

                                                                    _/s/ Kathleen M. Lucas_____
                                                                    Kathleen M. Lucas
                                                                    Alisha S. Meyer
                                                                    Attorneys for Plaintiff, Mary E. Mowry

# ATTACHMENT A

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2018-00734 |
| | and EEOC |

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **Mary E Mowry** | Redacted | 1959 |

| Street Address | City, State and ZIP Code |
|---|---|
| Redacted | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **ORACLE AMERICA, INC.** | | **650-506-7000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **500 Oracle Parkway, REDWOOD CITY, CA 94065** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-01-2016** | **06-30-2017** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was an ASR (application sales representative) with the above-referenced employer from 2014 until June 30, 2017. I was one of two females, ages 57 and 64, respectively, employed with this job title. During my period of employment, I was harassed weekly and was disciplined by upper management for supposed performance issues that men were not harassed about nor disciplined for. In June 2017, the other female ASR and I were both terminated for performance reasons. A male ASR in his 30s took over my accounts. In addition, I had achieved 61% of my quota for fiscal 2017 just before my termination; however, two younger men who had zero sales (0% of quota) in fiscal 2017 were not terminated. I believe that I have been discriminated against because of my age (then, age 57) in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of my gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Mary Mowry on 12-26-2017 11:40 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# ATTACHMENT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mary E. Mowry

# Redacted

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2018-00734 | Nancy L. Chapman, Investigator | (704) 954-6541 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Veronica Dottengham*

**Thomas M. Colclough,**
**Acting Director**

AUG 2 0 2018

*(Date Mailed)*

Enclosures(s)

cc:
| | |
|---|---|
| **Jenny Cotner**<br>**ORACLE**<br>**324 Blackwell St.**<br>**Suite 410**<br>**Durham, NC 27701** | **Kathleen Lucas**<br>**THE LUCAS LAW FIRM**<br>**354 Pine Street**<br>**Fourth Floor**<br>**San Francisco, CA 94104** |

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***