IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MARY E. MOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C/A No. 3:19-cv-00123-FDW-DCK |
| ORACLE AMERICA, INC., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
## INTRODUCTION

Plaintiff does not deny her claims under the ADEA and FMLA fall within the scope of the parties' mutual agreement to arbitrate (the "Agreement"). Instead, Plaintiff seeks to avoid her contractual obligation to submit those claims to arbitration by arguing the Agreement is not a valid contract. In an attempt to distract from the lack of legal authority supporting her arguments regarding the Agreement itself, Plaintiff focuses on an alleged failure to meet and confer by Defendant. However, Plaintiff was well aware of Defendant's intention to file a motion to compel arbitration and was on the record opposing arbitration. Plaintiff's arguments are nothing more than smoke and mirrors designed to distract from the fact that she entered a valid and enforceable agreement to arbitrate.

## ARGUMENT

### I.      A Valid Agreement to Arbitrate Exists.

Plaintiff unconvincingly argues the Agreement is not valid because it is "so vague and ambiguous as to the details of the potential Arbitration, it was impossible for Plaintiff to know what she was agreeing to upon signing the Agreement." (Pl. Resp. p. 8). Plaintiff's only support

for this argument is the agreement is silent on discovery procedures and provides two options for rules governing arbitration proceedings. *Id*.  Plaintiff cites no case law supporting her argument the FAA requires an arbitration agreement to specify one set of rules governing arbitration (rather than providing the parties with two options from which to choose), or that an arbitration agreement is required to specifically identify discovery and other arbitration procedures in addition to identifying the AAA or JAMS rules which lay these out, to be valid and enforceable. Were Plaintiff's argument correct, an enormous burden would be placed on the courts as numerous arbitration clauses could be invalidated on such grounds.

Plaintiff's argument she did not understand the terms of the Agreement is meritless. Plaintiff's execution of the document charges her with full knowledge and assent to the contents of the agreement. *Martin v. Vance*, 514 S.E.2d 306, 309 (N.C. Ct. App. 1999).  Plaintiff executed the Agreement as a condition of her employment and subsequently worked for Defendant for several years receiving the benefits of said employment.  She cannot now complain there was no meeting of the minds regarding the Agreement's terms.

Notwithstanding the above, the Agreement is neither vague nor ambiguous.  The Agreement defines which claims are subject to arbitration, expressly lists the excluded claims, and describes how arbitration costs will be imposed.  Further, the Agreement plainly states the arbitration proceedings *shall* be conducted pursuant to the FAA and in accordance with AAA or JAMS rules.  A party need only look to those rules for information on the arbitration procedures.

Finally, even if this Court finds the Agreement to be ambiguous, Plaintiff's argument still fails because the "[North Carolina] Supreme Court has held that where there is any doubt concerning the existence of an arbitration agreement, it should be resolved in favor of arbitration." *Martin*, 514 S.E.2d at 309.

## A.     The Agreement is Not Unconscionable.

"Unconscionability is a narrow doctrine where the challenged contract must be one which no reasonable person would enter into, and the inequality must be so gross as to shock the conscience." *Syndor v. Conseco Fin. Servicing Corp*., 252 F.3d 302, 305 (4th Cir. 2001). A party seeking revocation of an arbitration agreement on such grounds must demonstrate the agreement is both substantively and procedurally unconscionable. *Tillman v. Commercial Credit Loans, Inc.*, 655 S.E.2d 362, 370 (N.C. 2008). Plaintiff demonstrates neither.

### 1.  No Procedural Unconscionability.

Plaintiff contends the arbitration provision is procedurally unconscionable because the provision is "buried" in a contract imposed on Plaintiff without any opportunity for negotiation. (Pl. Resp. p. 10).

First, one only needs to glance at the Agreement in order to rebut Plaintiff's contention the arbitration provision is "buried" in the contract. The Agreement is boldly entitled <u>Employment Agreement & Mutual Agreement to Arbitrate</u> and the <u>first paragraph</u> references arbitration. Further, the arbitration provision is prominently placed in a stand-alone provision on the second page of a three-page document. Plaintiff is a sophisticated sales person well-versed in contract negotiation, well capable of understanding the terms of the Agreement. She cannot now argue she was unfairly surprised by the arbitration provision.

Without citing any evidence, Plaintiff simply states she "did not believe" she would be able to negotiate the terms of the Agreement. (Pl. Resp. p. 2). However, unequal bargaining power alone cannot establish procedural unconscionability. *Westmoreland v. High Point Healthcare Inc.*, 721 S.E.2d 712, 717 (N.C. Ct. App. 2012). Otherwise, most arbitration agreements between a corporation and an individual would be procedurally unconscionable and unenforceable. *Id*.

Plaintiff's generalized claims of unequal bargaining power or lack of ability to negotiate do not establish procedural unconscionability in North Carolina.

## 2. No Substantive Unconscionability.

Plaintiff's argument that the Agreement is substantively unconscionable because it does not show Plaintiff would be able to "effectively vindicate her rights" is meritless.

Courts cannot treat arbitration in general as an inferior or less reliable means of vindicating important substantive rights. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628, (1985). The Agreement does not limit Plaintiff's available relief. Nor does the Agreement impose costs or fees on Plaintiff in excess of what she would pay in court. In short, the Agreement provides Plaintiff the same opportunities she would have in litigation.

None of the Agreement's terms are harsh or one-sided. Defendant itself agreed to mutually be bound by the Agreement's terms. It is binding on both sides. The Agreement further provides Defendant shall bear the costs of the arbitrator's fee and all other costs related to the arbitration. This is hardly an agreement so unequal that it "shocks the conscience" of reasonable people. Plaintiff fails to demonstrate the Agreement is substantively unconscionable.

Plaintiff next argues judicial efficiency supports litigating the action in a single tribunal given that Plaintiff's various claims arise from a common set of facts. However, the FAA requires courts to compel arbitration of arbitrable claims when one of the parties files a motion to compel, even where the result would be piecemeal litigation or the possible inefficient maintenance of separate proceedings in different forums. *See KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011).

## II. Defendant's Duty to Confer Was Satisfied.

Plaintiff's counsel admits defense counsel informed her Defendant planned to file a Motion to Compel Arbitration once the proper venue was determined in a meet and confer call on January 29, 2019. (Pl. Resp., Ex. 2, ¶2). Further, in the Joint Case Management Statement filed on March

5, 2019, Defendant again made clear its position on arbitration, stating: "Plaintiff's non-Title VII claims are subject to arbitration pursuant to the parties' Mutual Agreement to Arbitrate. Defendant intends to file a Motion to Compel Arbitration once the proper venue is determined." (Doc. No. 27, p. 10). In the Joint Statement, Plaintiff acknowledged Defendant's intention to move to compel arbitration and stated: "The Arbitration Agreement does not apply to this case . . . As this case deals with discrimination and harassment under Title VII . . . it is specifically excluded from the terms of the Agreement to Arbitrate." (*Id*.).

With a motion to compel arbitration, the purpose of a pre-motion "meet and confer" would be to determine if the opposing party would be willing to stay the matter and proceed to arbitration – not to hammer out details as to how arbitration should proceed. Plaintiff's position as to arbitration was abundantly clear, and on the record – Plaintiff opposed arbitration. Nonetheless, before filing the instant motion, Defendant's counsel attempted to confer with Plaintiff's counsel via email on March 25, 2019 (Exhibit 1), and Plaintiff's counsel responded by stating they could be available later in the week. To ensure it protected its rights and since Plaintiff's opposition to arbitration was clear, Defendant filed this Motion along with its Answer on the due date for the Answer, March 26, 2019.[1]

For the reasons set forth above, Defendant believes it satisfied the consultation requirements under the local rules. However, even if the court finds Defendant did not satisfy the requirements under Local Rule 7.1(B), it should not deny Defendant's otherwise compelling motion on that basis alone. *See Savovic v. Ges Consulting Servs*., 2018 WL 2269935, at *1 (W.D.N.C. May 17, 2018)(Agreeing that plaintiff's counsel should have conferred with defendant's counsel prior to filing the motion but declining to deny the motion on that basis);

---

[1] The parties conferred over the phone after the Motion was filed and, consistent with her position throughout this lawsuit, Plaintiff opposed arbitration. (Pl's Resp., Ex. 2 ¶ 9).

*Simon v. Bellsouth Advert. & Pub. Corp.*, 2010 WL 1418322, at *5 (W.D.N.C. Apr. 1, 2010)(Allowing defendant's motion even though the motion did not indicate the requirement of consultation had been met pursuant to Local Rule 7.1(B)).

## **CONCLUSION**

For the reasons outlined above and in Defendant's initial memorandum, the Court should grant this Motion and stay this action pending arbitration.

Dated this the 16th day of April, 2019.

<div style="margin-left:40%">

Respectfully submitted,

/s/H. Bernard Tisdale III
H. Bernard Tisdale III, NC #23980
Carl M. Short III, NC 46396
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  bernard.tisdale@ogletree.com;
        carl.short@ogletree.com

</div>

## **CERTIFICATE OF COMPLIANCE**

I, H. Bernard Tisdale III, hereby certify that the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** contains less than 1,500 words in accordance with Section 3(b)(iv) of the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney.

/s/H. Bernard Tisdale III
N.C. Bar No. 23980
*Attorney for Defendants*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, North Carolina 28244
Telephone: 704.342.3120
Facsimile: 704.342.4379
E-mail: bernard.tisdale@ogletree.com

## CERTIFICATE OF SERVICE

I, H. Bernard Tisdale III, hereby certify that I have this day electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person(s):

Kathleen M. Lucas
Alisha Shamim Meyer
The Lucas Law Firm
354 Pine Street, 4th Floor
San Francisco, CA 94104
Email: klucas@lucaslaw.net
      asmeyer@lucaslaw.net

Joshua Reed Van Kampen
Nicole Katherine Haynes
Van Kampen Law
225 East Worthington Street
Suite 200
Charlotte, NC 28203
704-247-3245
Fax: 704-749-2638
Email: josh@vankampenlaw.com
      nicole@vankampenlaw.com

*Attorneys for Plaintiff*

Dated this the 16th day of April, 2019.

/s/H. Bernard Tisdale III
H. Bernard Tisdale III, NC #23980
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: bernard.tisdale@ogletree.com