# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:19-cv-00123

**Mary Mowry v. Oracle America, Inc.**

### CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

1. <u>Certification of Conference.</u>  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **4/11/19** between:

   Plaintiff's attorneys: Joshua Van Kampen, Kathleen Lucas, and Alisha Meyer; and
   Defendant's attorney: Bernard Tisdale

2. <u>Pre-Discovery Disclosures.</u>
   - [✓] The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **4/25/19**.
   - [ ] The parties stipulate out of or object to mandatory initial disclosures.

3. <u>Brief Statement of the Nature and Complexity of the Case</u>.

   This is a complex employment discrimination case involving 3 claims of recovery (under Title VII, the ADEA, and the FMLA), substantial ESI discovery, and numerous witnesses located around the country and overseas. Plaintiff, who was employed by Oracle America, Inc., alleges discrimination, harassment, and retaliation on the basis of gender, age, and taking FMLA medical leave, based on conduct that occurred while Plaintiff was employed by Oracle and culminating in her wrongful termination. Defendant denies the allegations and unlawful conduct alleged in Plaintiff's Complaint. Of the Sales Team members and key administrators involved in the actions taken by Defendant, only Plaintiff is in North Carolina. The others are known to be located across the country. There are Sales Representatives who are alleged comparators to Plaintiff about whom, and from whom, discovery and testimony will necessarily be solicited. Plaintiff's two former supervisors who live in MA and London, England and the Human Resources representative(s) in PA are also key witnesses who need to be deposed. In the Initial Attorney's Conference, counsel for both parties agreed that this case requires extensive discovery around the country and overseas, as well as an extensive ESI production of documents and a comprehensive exchange of written discovery requests and responses.

4. Case Management Track.

    ☑ The parties jointly request that this matter be assigned to the Complex/Extended Track. If this case management track is assigned, the discovery completion deadline would be **12/19/19** and the dispositive motions deadline would be **1/16/20** .

    Due to the extensive discovery anticipated in this case, the Parties respectfully request the Court set this case on the Complex track. Counsel anticipates significant time will need to be spent by the parties in discovery, producing and reviewing the ESI documents, including e-mails, personnel files of comparators, and company policies and practices. Further, counsel will need to coordinate with witnesses and/or experts across the country and in England to schedule interviews, conduct depositions, and obtain information for discovery responses.

    ☐ The parties disagree as to the appropriate case management track.

    ☐ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

5. <u>Discovery Plan.</u>  The parties jointly propose to the Court the following discovery deadlines and limitations.

    (a) *Deadline for motions* to join additional parties or otherwise amend the pleadings: **6/20/19**.

    (b) *Discovery Limits*:
        1) Maximum of 30 interrogatories per party.
        2) Maximum of 30 requests for production per party.
        3) Maximum of 30 requests for admission per party.
        4) Maximum of 70 hours of oral deposition per party.

    (c) *Expert reports* from retained experts under Rule 26(a)(2) will be due:
        - from plaintiff(s) by **10/10/19**;
        - from defendant(s) by **11/7/19**;
        Supplementations under Rule 26(e) due **11/21/19**.

    (d) *Special Issues Regarding the Scope and Schedule of Discovery*.  (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

    Plaintiff's Complaint includes 3 distinct legal theories that will each need significant time to be properly addressed in interviews and/or depositions. Due to the fact that the witnesses are spread throughout the country and in England and in the interests of efficiency, the Parties wish to extend the maximum hours of deposition allowed per side to 70, subject to the rules limiting the length of any one deposition, to ensure appropriate time to cover all of the issues within the Complaint with all witnesses and alleviate the need for additional scheduling and travel coordination.

    (e) *Objections*:

3

6. Other Items.

    (a) Initial Pretrial Conference. The parties do not request conference with the Court prior to the entry of a Case Management Order.

    (b) Alternative Dispute Resolution.
Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:

- [x] Mediated Settlement Conference
- [ ] Judicial Settlement Conference
- [ ] Binding Arbitration
- [ ] Other:

The parties agree that the above-selected ADR procedure would be most useful if conducted:

- [ ] Prior to further discovery.
- [x] After an initial round of preliminary discovery to be completed by **8/31/2019** .
- [ ] After the completion of discovery.

    (c) Trial Estimates. If this case is ultimately tried, trial is expected to take approximately 5-7 days . This case will be tried with a jury.

    (e) Local Civil Rule 73.1(C) Certification.
- [x] The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. <u>If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.</u>

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

s\Joshua Van Kampen
Joshua Van Kampen
Van Kampen Law, P.C.
315 East Worthington Avenue
Charlotte, NC 28203
Phone: (704) 247-3245
Email: josh@vankampenlaw.com

*Attorney for Plaintiff(s):*

s\ H. Bernard Tisdale, III
H. Bernard Tisdale, III
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Phone: 704-342-2588
Email: bernard.tisdale@ogletreedeakins.com

*Attorney for Defendant(s)*

s\Kathleen M. Lucas
Kathleen M. Lucas
The Lucas Law Firm
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Phone: (415) 402-0200
Email: klucas@lucaslaw.net

*Attorney for Plaintiff(s):*

s\

*Attorney for Plaintiff(s):*

s\

*Attorney for Plaintiff(s):*

s\

*Attorney for Plaintiff(s):*

s\

*Attorney for Plaintiff(s):*

*Attorney for Plaintiff(s):*